PER CURIAM.
Appellant was charged in a three count information with first degree murder, carrying a concealed firearm and display of a firearm while committing a felony.
Appellant pled not guilty to each of the charges. Upon trial the jury returned a verdict of guilty on all three counts. However, as to count one appellant was found guilty of the lesser included offense of second degree murder. The trial court ordered that adjudication be withheld and suspended entry of sentence as to the possession charge. Appellant was sentenced to a term of thirty years with a three year minimum mandatory sentence for second degree murder and to a concurrent five year term for the concealed firearm charge.
By this appeal appellant urges that the judgment and sentences be reversed or alternatively, that the second degree murder conviction be reduced to manslaughter on the grounds (1) that the circumstantial evidence relied upon by the state was not inconsistent with any reasonable hypothesis of innocence and that the state failed to rebut appellant’s version of self defense and (2) that the evidence was insufficient to establish the mental element for second degree murder and the charge should have been reduced to manslaughter.
We have carefully read and considered the transcript of testimony and evidence offered during trial. To sustain the conviction, the state relies upon circumstantial evidence to establish appellant’s guilt of second degree murder. Without recounting in detail the evidence adduced at trial, we find in the record ample competent evidence which is wholly consistent with appellant’s guilt and inconsistent with any reasonable hypothesis of innocence. It is evident that the jury elected to believe the testimony of the witnesses testifying on behalf of the state and to disbelieve appellant’s testimony regarding her version of the killing. Both the jury, by its verdict, and the able trial judge, in denying appellant’s motion for a new trial, found the evidence to be wholly sufficient to sustain the judgment challenged herein. Determinations as to the weight to be given the evidence and credibility to be accorded the witnesses who testify lie uniquely within the province of the jury. Its findings of fact, as affirmed by the trial judge, will not be disturbed unless shown to be clearly erroneous.
Appellant having failed to demonstrate error, the judgment and sentences are affirmed.
Affirmed.